# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-217

**ROBERT B. MILLER & ASSOCIATES, INC.**                                    PLAINTIFF

v.

**AMERICAN COMMERCIAL LINES LLC**
**and WESTERN KENTUCKY NAVIGATION, INC.**                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Exclude the Testimony and Opinions of Plaintiff's Expert David Mayberrry (Docket #24) and Defendants' Motion for Summary Judgment (Docket #26). Plaintiff has responded (Docket #34, 35). Defendants have replied (Docket # 38, 39). This matter is now ripe for adjudication.

## BACKGROUND

On February 9, 2008, at approximately 11:30 p.m., Barge ABC-788 sank while in the tow of the M/V CAROL P on the Mississippi River. Plaintiff is the owner and operator of the barge. The barge was placed in Defendant American Commercial Lines LLC's ("ACL") Marrero, Louisiana, Fleet on or about February 5, 2008. It was then placed in the tow of ACL vessel M/V J. RUSSELL FLOWERS on or about February 7, 2008. On or about February 8, 2008, the barge was placed in the tow of ACL's M/V CAROL P, which is operated and crewed by Defendant Western Kentucky Navigation, Inc. ("WKN"). The barge sank the next day near Mile 220 of the Lower Mississippi River. At the time it sank, Barge ABC-788 was in tow with 10 other loaded barges, positioned at the starboard head of the tow in front of a lighter barge (ACL-9514) and secured lengthwise to Barge PV-5983, which was known to be leaking.

Plaintiff alleges that Barge ABC-788 sank as a result of Defendants' negligence and/or

the unseaworthiness of Defendants' vessels. Efforts to salvage Barge ABC-788 were unsuccessful. As a result of the sinking of Barge ABC-788, Plaintiff suffered approximately $250,000 in damages.

Plaintiff filed suit in this Court on December 28, 2009. Plaintiff seeks monetary damages and a declaration that Defendants are responsible for salvaging the wreck. On March 18, 2010, Defendants filed counterclaims against Plaintiff alleging that Barge ABC-788 was unseaworthy, and its sinking was not due to any act or omission by Defendants. Defendants seek damages for the money expended in attempting to salvage the barge and remove it from the Mississippi River and a declaration that Plaintiff is liable for its salvage and removal.

In support of Plaintiff's claims, Plaintiff hired a marine surveyor, David L. Mayberry, to provide expert opinion regarding liability and damages in this case. Defendants now move to exclude Mr. Mayberry's expert witness testimony. Further, Defendants argue that in the absence of Mr. Mayberry's testimony, Plaintiff has no other admissible evidence to establish that Defendants were negligent. Accordingly, Defendants have also moved for summary judgment. This matter is set for a bench trial on October 11, 2011. *See* Order Amending Sch. Order, DN 23, p. 1. The Court now considers Defendants' motions.

## DISCUSSION

**I.     Motion to Exclude**

First, Defendants move to exclude the expert testimony of Mr. Mayberry pursuant to Federal Rule of Civil Procedure 702 and *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993). Under Federal Rule of Evidence 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Rule 702 was amended in 2000 to address the Supreme Court's seminal opinion of *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny, including *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). *See* Fed. R. Evid. 702, Advisory Committee Notes.

"As a gatekeeper, the trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Rose v. Truck Centers, Inc.*, No. 09-3597, 2010 WL 3069613, at *4 (6th Cir. Aug. 6, 2010) (citing *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007); *Daubert*, 509 U.S. at 589). The trial judge must assess "whether the reasoning of methodology underlying the testimony is scientifically valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93.

Mr. Mayberry has been employed as an independent marine surveyor since 1988. His responsibilities include "conducting and providing damage surveys, general condition surveys, new construction surveys, appraisals, and salvage operation supervision, marine loss mitigation services, and marine consulting services . . . in relation to various types of inland marine equipment (towboats and barges) and structures (docks, bridges, locks and dams, etc.), and cargoes." Mayberry Report, DN 25-1, p. 20. Defendants do not challenge Mr. Mayberry's qualifications.

Instead, Defendants challenge Mr. Mayberry's opinions on causation and liability,

3

arguing that they are speculative and not based on facts in the record. Mr. Mayberry's expert report asserts that "[t]he sinking of barge "ABC-788" arose as the result of the negligence of [ACL], [WKN] or both . . . ." *Id.* at 3. Mr. Mayberry then lists several possible causes for the barge sinking. Mr. Mayberry also opines that Defendants' attempted salvage operations and the costs incurred were unnecessary as Defendant ACL was "not obligated to undertake or incur the cost of salvage/wreck removal . . . unless [ACL] was accepting the responsibility/liability for the sinking of barge "ABC-788"." *Id.* at 11.

Plaintiff argues that *Daubert* is inapplicable to this case because this matter is set for a bench trial and, thus, there is no need for the Court to act as a "gatekeeper." Plaintiff cites to *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004), which held:

> In *Daubert*, the Supreme Court held that district courts must act as "gatekeepers" to protect juries from misleading or unreliable expert testimony by assessing the reliability of the expert's principles and methodologies used to reach the expert opinion or conclusion. . . . The "gatekeeper" doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.

*Id.* at 851-52. The Court is still required, however, to consider only admissible and reliable expert testimony. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 635 (6th Cir. 2000) (Gilman, J., dissenting). "[A]lthough all . . . experts must pass *Daubert* scrutiny before the Court may rely on their testimony to find in [the plaintiff's] favor, the 'usual concerns' about shielding the jury from unreliable expert testimony 'obviously do not arise' in a bench trial." *Douglas v. United States*, No. , 2011 WL 2633612, at *6 (E.D. Ky. July 5, 2011) (quoting *Atty. Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009)). The Court has broad discretion in determining whether to admit expert testimony, and "[t]his discretion is particularly broad in a bench trial." *United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004).

4

In light of this broad discretion, the Court declines to exclude Mr. Mayberry's opinions at this time. *See Gonzalez,* 225 F. 3d at 635 ("[D]istrict courts conducting bench trials have substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for themselves during the course of trial whether the evidence [satisfies *Daubert*] and deserves to be credited." (Gilman, J., dissenting)). The Court believes this issue would be better resolved during the bench trial. This is especially true in light of the fact that Defendants challenge Mr. Mayberry's opinions by arguing that his opinions are not based on facts within the record. At trial, the Court will hear the evidence and be able to judge the reliability of Mr. Mayberry's opinions in light of a complete factual record.[1] Accordingly, the Court DENIES Defendants' motion to exclude.

## II.     Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a

---

[1] Plaintiff points out that the bench trial will still take place on Defendants' counterclaims even if the Court grants summary judgment on Plaintiff's claims.

mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Defendants' motion for summary judgment is based upon the exclusion of Mr. Mayberry's opinions. Defendant argues that without Mr. Mayberry's opinions, Plaintiff has no other admissible evidence to establish that Defendants' negligence caused Barge ABC-788 to sink. The Court declines to exclude Mr. Mayberry's opinions prior to the bench trial. Because Defendants' motion for summary judgment relies upon the motion to exclude, the motion for summary judgment will also be DENIED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Exclude the Testimony and Opinions of Plaintiff's Expert David Mayberry is DENIED and Defendants' Motion for Summary Judgment is DENIED.